**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4500**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BRUCE DARNELL TALLEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cr-00296-BO-1)

_____

Submitted: January 15, 2015      Decided: January 20, 2015

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Darnell Talley pled guilty, pursuant to a plea agreement, to conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during and in furtherance of one of those robberies and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). The court sentenced Talley to 171 months' imprisonment—the top the advisory Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence is substantively reasonable. Talley has filed a pro se supplemental brief, requesting that we review the record to determine whether the sentence is substantively reasonable and whether the district court discriminated against him based on his race at the sentencing hearing. The Government has moved to dismiss the appeal based on the appellate waiver in the plea agreement. We grant the motion in part and dismiss the appeal in part. Talley's claim of racial discrimination, however, is outside the scope of the waiver; as to that claim, we affirm.

We review the validity of an appellate waiver de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v.

Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Generally, if the district court fully questions the defendant regarding the waiver of his right to appeal during the plea colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record confirms that, under the totality of the circumstances, Talley's waiver of his appellate rights was knowing and voluntary and, therefore, the appellate waiver is valid and enforceable.

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528 (internal quotation marks omitted). Talley waived his right to appeal his convictions and sentence, reserving only the right to appeal from a sentence in excess of the advisory Guidelines range established at sentencing. We conclude that Talley's and counsel's challenge to the substantive reasonableness of the within-Guidelines sentence falls within the scope of the valid and enforceable appellate waiver.

The appellate waiver, however, does not preclude us from considering Talley's allegation that the district court discriminated against him based on his race at the sentencing hearing. Johnson, 410 F.3d at 151. Nevertheless, our review of the sentencing transcript revealed no evidence substantiating Talley's allegation.

In accordance with Anders, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. To the extent Talley's and counsel's claims are within the scope of the valid and enforceable appellate waiver, we grant the Government's motion to dismiss the appeal. We otherwise affirm the district court's judgment.

We note, however, that although the district court pronounced the correct restitution amount of $9434.44, the judgment is incorrect in two respects: (1) the amount of restitution owed to victim ASA Food Mart #3 should be $1134.94 instead of $1134.00; and (2) the total amount of restitution should be $9434.44 instead of $9434.34. Accordingly, we remand for correction of the judgment.

This court requires that counsel inform Talley, in writing, of the right to petition the Supreme Court of the United States for further review. If Talley requests that a petition be filed, but counsel believes that such a petition

4

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Talley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART;</u>
<u>REMANDED</u>

5